IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KASON JAMEL HARRY, )<br>#33342-171, )<br> )<br>　Petitioner, )<br> )<br>v. )<br> )<br>ALAN COHEN, )<br> )<br>　Respondent. ) | CASE NO. 2:21-cv-104-ECM-JTA |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal inmate Kason Jamel Harry, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) At the time he filed his Petition, Petitioner was incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama, and he sought to be credited 206.5 days in earned time credits under the First Step Act of 2018 ("FSA"). (*Id*. at 4.)

In his response to the Petition, Respondent provides evidence that, on February 2, 2022, the Bureau of Prisons ("BOP") credited Petitioner 365 days in earned time credits under the FSA and scheduled him for release on March 4, 2022. (*See* Docs. No. 15, 15-1, 18-1.) Because Petitioner received more FSA credits than he sought in his Petition and did not challenge his February 2, 2022 FSA calculation, Respondent argues that this case does not present any live case or controversy and should be dismissed as moot. (Doc. No. 15 at 5.) Petitioner did not reply to the response.

With regard to whether a 28 U.S.C. § 2241 action has been rendered moot, the Eleventh Circuit has explained:

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,'" and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id.* (quotation marks omitted).[]
>
> "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019); *see also* 28 U.S.C. § 2241(c)(3)). The Supreme Court has held that the "in custody" requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236, 243[] (1963). This means that once a petitioner's custodial sentence has expired, "some concrete and continuing injury . . . some 'collateral consequence' . . . must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7[] (1998)[.]
>
> Ultimately, the burden remains on the petitioner to establish that his case still presents a live "case or controversy" by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So where a habeas petitioner has been released from detention . . . and he has not raised a challenge to a "collateral consequence," we've held that his . . . habeas petition has become moot.

*Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022). Ultimately, "[t]he fundamental question is whether events have occurred that deprive [the Court] of the ability to give the [petitioner] meaningful relief." *Id*. at 1107 (citation omitted).

Here, Petitioner sought 206.5 days in FSA credits. (Doc. No. 1 at 4.) The record demonstrates that Petitioner has since received more FSA time credits than requested in the Petition, and the BOP inmate database confirms that Petitioner was in fact released

2

from BOP custody on his calculated date of March 4, 2022.[1] There is no indication in the record that a "collateral consequence" of Petitioner's imprisonment has persisted after his release. Thus, because he has received the relief sought in the Petition and has since been released from BOP custody, a favorable decision on the merits would not provide Petitioner any meaningful relief. *See Djadju*, 32 F.4th at 1107.

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this 28 U.S.C. § 2241 action be DISMISSED as MOOT.

It is further ORDERED that, by **November 2, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.*,

---

[1] *See* https://www.bop.gov/inmateloc/# (last visited on October 18, 2023).

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of October, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE